Case 2:24-cr-00017-TOR    ECF No. 28    filed 06/25/24    PageID.74    Page 1 of 4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEANN MICHELLE ST. PETER,<br><br>Defendant. | No. 2:24-CR-00017-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**MOTION DENIED**<br>   (**ECF No. 26**) |

  Pending before the Court at **ECF No. 26** is Defendant LEANN MICHELLE ST. PETER's Motion to Modify Conditions of Release, specifically, Condition Nos. 14-15, requiring her to participate in GPS monitoring and home detention. Specifically, Defendant moves to strike Condition No. 14 and Condition No. 15 in the Order Following Initial Appearance and Arraignment on Indictment and Detention Hearings, ECF No. 17, that require Defendant to participate in GPS monitoring condition and a home detention condition.

  Defendant contends that her apparent compliance to date with the GPS monitoring condition and the home detention condition now merits the elimination of the two conditions. Defendant offers no other basis for the elimination of the two release conditions. Defendant also contends that the United States and U.S. Probation do not object to the proposed elimination of the GPS monitoring condition and the home detention condition. The Government did not file any response to Defendant's motion.

ORDER - 1

The Court has reviewed the Order Following Initial Appearance and Arraignment on Indictment and Detention Hearings, ECF No. 17; Defendant's Motion to Modify Conditions of Release, **ECF No. 26**; the audio recording of the lengthy detention hearing that occurred on February 15, 2024; and the file in this case.

The Court notes that during the detention hearing, Defendant, through counsel, represented that:

> Ms. St. Peter has said she is willing to be under house arrest or to be on an ankle monitor . . . basically she will take any conditions that allow her to continue her – to go to medical appointments, continue her treatment, and to be a support to her children and grandchildren at her home.

Detention Hearing, February 15, 2024.[1]  Now, however, Defendant apparently finds the GPS monitoring condition and home confinement condition unduly burdensome.  In support of her current contention, Defendant merely offers that since she has not violated either condition to date, the Court should now remove the conditions as unnecessary and superfluous.  *See* ECF No. 26.

The Government, for its part, just a few months ago on February 15, 2024 strenuously sought Defendant's pretrial detention.  *See* ECF No. 17.  The Government asserted there were then no condition or combination of conditions that would reasonably assure Defendant's appearance as required and the safety of any other person and the community.  ECF No. 6 at 3.  Indeed, the Court held a detention hearing that lasted approximately an hour and half wherein the Government repeatedly asserted in particular that if released, Defendant would pose a danger to the community and present a risk of witness obstruction.  The

---

[1] This statement occurred at approximately the 52-minute mark of the approximately 1 hour and 30-minute-long detention hearing.

ORDER - 2

Government asserted *only detention* would sufficiently mitigate these risks.  Now, a few months later, the Government inexplicably does not oppose the Court striking the modest GPS monitoring and home confinement conditions altogether based on the Defendant's simple compliance with her release conditions.  The Court finds that the Government's current position to be entirely at odds and incongruent with its prior strenuous advocacy in this case.

Given that the Government did not file a response to Defendant's motion, it is entirely unclear to the Court what has transpired over the last several months to cause the Government to change its position from strenuously seeking detention to now agreeing with Defendant that the Court should strike the modest GPS and home detention release conditions.  The Court is also without any information regarding the position of any identified victims in this case in relation to Defendant's motion.

Ultimately, despite the unopposed nature of Defendant's motion, the Court finds the GPS monitoring condition and the home detention condition to be essential parts of the combination of conditions that in the Court's view provide a reasonable assurance of Defendant's appearance at future court proceedings and a reasonable assurance of the safety of any other person and the community.  *See* 18 U.S.C.§ 3142.  In other words, after the Court has has taken into account the nature and circumstances of the offense charged, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release, the absence of the electronic monitoring condition

ORDER - 3

and the home detention condition would then favor Defendant's detention rather than release.

While it is undisputed that Defendant has not had any serious issues while on pretrial release during the time the GPS monitoring condition and the home detention condition have been in place, it does not then follow that the electronic monitoring condition and home detention condition are therefore wholly unnecessary and superfluous. Rather, the Court views the electronic monitoring condition and the home detention condition as essential pretrial release conditions that impose a minimum burden on Defendant while serving numerous positive supervision functions, to include acting as a reminder to Defendant that she remains on pretrial supervision, imposing a check on Defendant's behavior and impulses, and reassuring the victims in this case that Defendant's whereabouts are known to United States Probation. The Court rejects the view, apparently shared by Defendant and the United States, that a defendant's mere ability to follow pretrial release conditions means that release conditions should then continually be removed and relaxed over time, particularly in a case with such a serious context—accessory after the fact in an attempted murder investigation and false statements regarding a fugitive's location—as the instant case.

Accordingly, **IT IS ORDERED**:

Defendant's Motion to Modify Conditions of Release, **ECF No. 26,** is **DENIED** for the reasons stated in this Order.

**IT IS SO ORDERED.**

DATED June 25, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4